## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PAMELA R. LAY, BRIAN DUCOTE, RYAN JETER, ALYSSA JAYNES, MARCUS DEVANE, AND SIMON SUAREZ, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CV. NO. SA-12-CV-00754-DAE |
| vs. | ) ) | |
| SPECTRUM CLUBS, INC. AND GOLD'S GYM INTERNATIONAL, INC., | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE MOTION TO CONSOLIDATE

On February 28, 2013, the Court heard oral argument on the Motion to Consolidate brought by Defendant Gold's Texas Holdings Group, Inc. After reviewing the motion and the supporting and opposing memoranda, the Court **GRANTS IN PART AND DENIES IN PART WITHOUT PREJUDICE** the Motion to Consolidate (doc. # 41) for the reasons stated below.

BACKRGOUND

Defendant Gold's Texas Holdings Group, Inc. ("GTH") brings a

Motion to Consolidate, seeking to combine the instant Lay action (No. 5:12-cv-

00754) and a related case, Lane et al. v. Gold's Gym International, Inc., et al. (No.

5:12-cv-00930), for all purposes. ("Mot.," Doc. # 41.) In the alternative, it seeks

to combine the cases for the limited purposes of discovery and pretrial matters.

I.      Procedural History

Plaintiffs Lay, Ducote, and Jeter filed the instant suit "on behalf of

themselves and all others similarly situated" on August 3, 2012. (Doc. # 1.) They

subsequently filed a First Amended Complaint on August 23, 2012, adding

Plaintiffs Jaynes and Devine (doc. # 6) and a Second Amended Complaint on

September 25, 2012, adding Plaintiff Suarez ("SAC," doc. # 14). In the Second

Amended Complaint, the Lay Plaintiffs allege that Defendant GTH[1] failed to pay

them and other similarly situated "Fitness Consultants" for all time worked, failed

to pay them time and one-half of their regular rate of pay for all hours worked over

forty in a workweek, and failed to include their non-discretionary bonuses and

commissions in their regular pay rate in violation of the Fair Labor Standards Act

---

[1] The Lay Plaintiffs also assert claims against Defendant Spectrum Clubs, Inc. However, the parties have represented to the Court that they have reached an agreement severing Spectrum as a Defendant from the instant case.

("FLSA"), 29 U.S.C. § 201 et seq. (SAC ¶¶ 1, 21, 25.) The <u>Lay</u> Plaintiffs seek to

have the case certified as a collective action under the FLSA. (<u>Id.</u>)

On October 2, 2012, Plaintiffs Lane and Escamilla filed a similar

FLSA action against GTH. ("<u>Lane</u>," No. 5:12-cv-00930, Doc. # 1.) On November

15, 2012, they filed a First Amended Complaint, adding Suarez as Plaintiff. (<u>Id.</u> at

doc. # 5.) In <u>Lane</u>, Plaintiffs allege that Defendant GTH failed to pay them and

other similarly situated "Sales Managers" for all time worked, failed to pay them

time and one-half of their regular rate of pay for all hours worked over forty in a

workweek, and failed to include their non-discretionary bonuses and commissions

in their regular pay rate in violation of the FLSA. (<u>Id.</u> ¶¶ 1, 14, 21.) Just like the

<u>Lay</u> Plaintiffs, they also seek to have the case certified as a collective action under

the FLSA. (<u>See</u> <u>id.</u>)

II.    Factual Background

On or around March 1, 2012, Defendant GTH acquired the San

Antonio gyms of Defendant Spectrum Clubs, Inc. ("Spectrum"). The core claims

in <u>Lay</u> and <u>Lane</u> arise out of the Spectrum acquisition. (Mot. at 3.) According to

Defendant GTH, all of the named Plaintiffs and subsequent individuals who have

filed a Notice of Consent to become a party ("opt-ins") in <u>Lay</u> and <u>Lane</u> worked at

Spectrum gyms before GTH acquired it. (<u>Id.</u>) While employed by Spectrum,

plaintiffs were allegedly classified as exempt under the FLSA's overtime requirements.  By contrast, following the acquisition, Defendant GTH hired the <u>Lay</u> and <u>Lane</u> Plaintiffs as nonexempt employees and paid them overtime for hours they worked beyond forty in a workweek.

DISCUSSION

Federal Rule of Civil Procedure 42(a) provides that if actions "involve a common question of law or fact," the court may "consolidate the actions" or "issue any other order to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42(a).  Consolidation does not merge the suits into a single action or change the rights of the parties; rather, consolidation is "intended only as a procedural device used to promote judicial efficiency and economy" and "the actions maintain their separate identities."  <u>See</u> <u>Frazier v. Garrison I.S.D.</u>, 980 F.2d 1514, 1532 (5th Cir. 1993).

The decision to consolidate actions under Rule 42(a) is "entirely within the discretion of the district court as it seeks to promote the administration of justice."  <u>Gentry v. Smith</u>, 487 F.2d 571, 581 (5th Cir. 1973); <u>see also</u> <u>Luera v. M/V Alberta</u>, 635 F.3d 181, 194 (5th Cir. 2011).  In weighing whether to consolidate two actions, many courts consider factors such as whether the actions are pending before the same court; whether the actions involve a common party; any risk of prejudice or confusion from consolidation; the risk of inconsistent

4

adjudications of common factual or legal questions if the matters are tried separately; and whether consolidation will save time and expense.  See, e.g., Mayfield v. Am Auto. Ins. Co., 2003 WL 21250935, at *1 (N.D. Tex. May 27, 2003).

In the instant matter, the threshold requirement of Rule 42(a) that the two cases "involve a common question of law or fact" is met.  In both Lay and Lane, there exists a common legal and factual question as to whether Defendant GTH had a common policy or scheme of encouraging its sales employees— "Fitness Consultants" in Lay and "Sales Managers" in Lane— to work off the clock.  In each case, Plaintiffs are alleging that Defendant GTH did not calculate its employee's salaries in accordance with the FLSA; the only difference between the two suits is the classification of employee that each seeks to represent.

Additionally, other factors weigh in favor of consolidation.  Both cases involve the same defendant employer, GTH.  The Court notes that two of the three named Plaintiffs in Lane have also joined Lay and that several of the Lay and Lane Plaintiffs worked at the same former Spectrum gyms.  Plaintiffs who worked at the same gyms reported to the same "General Managers" who, according to both the Lay and Lane Plaintiffs, required them to change their time cards.  (Compare Doc. # 14 ¶¶ 17, 18 with Lane, No. 5:12-cv-00930, Doc. # 5 ¶ 15.)  Since many of

the witnesses and evidence overlap, combining the two cases will save time and

avoid unnecessary expense.

In their opposition, the Lay and Lane Plaintiffs argue that the job

duties of "Fitness Consultants" and "Sales Managers" are distinct and that each

position has its own particularized compensation scheme.  As such, they contend

that consolidation would be confusing to a jury at trial.  However, no confusion

will result from combining the two cases for discovery and pretrial purposes.  The

Court can determine at a later time whether it is appropriate to combine the two

cases at trial.

Additionally, the Lay Plaintiffs argue that there may be some delay in

commencing depositions because Defendant GTH needs to respond to the

discovery requests of the Lane Plaintiffs.  They contend that this will prejudice

them because the two-year limitations period continues to run for "Fitness

Consultants" who have not received notice of the lawsuit and thus had the

opportunity to "opt-in" since Lay has not yet been certified as a collective action.[2]

However, the Court notes that the Lay and Lane cases were filed only two months

---

[2] In an FLSA collective action, "the statute of limitations for a named
plaintiff runs from the date that the plaintiff files the complaint, while the
limitations period for an opt-in plaintiff runs from the opt-in date."  Sandoz v.
Cingular Wireless LLC, 553 F.3d 913, 916–17 (5th Cir. 2008).

apart and are in substantially the same stage of the litigation process.  In both

cases, the parties have not commenced taking depositions, and discovery is still in

its early stages.  Any delay will be minor and will not prevent the Lay Plaintiffs

from timely moving to certify their case as a collective action and providing notice

to potential "opt-in" plaintiffs.  Given that this risk of prejudice is extremely low,

the Court finds that it is outweighed by concerns of judicial economy and

efficiency.  It would be senseless to impose unnecessary expense and

inconvenience on Defendant GTH by requiring it to produce the same witnesses

twice to testify about the same facts.  Moreover, to alleviate any concerns

regarding the timing of discovery, the Court will refer the parties to the Magistrate

Judge for a Rule 16 Scheduling Conference so that they can work out a detailed

discovery schedule that is satisfactory to all.

      In light of the circumstances discussed above, the Court grants in part

the Motion to Consolidate by exercising its discretion to consolidate the Lay and

Lane actions for the purposes of discovery and all pretrial matters.  However, the

Court denies the motion insofar as Defendant GTH seeks to combine the cases for

all purposes at this time and reserves the right to determine whether the cases

should be tried together at a later date.

CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART AND**

**DENIES IN PART WITHOUT PREJUDICE** the Motion to Consolidate.  (Doc.

# 41.)  The <u>Lay</u> action (No. 5:12-cv-00754) and the <u>Lane</u> action (No.

5:12-cv-00930) are hereby consolidated for the purposes of discovery and all

pretrial matters.  The Court also refers the parties to the Magistrate Judge for a

Rule 16 Scheduling Conference.

IT IS SO ORDERED.

DATED: San Antonio, Texas, March 1, 2013.

_____
David Alan Ezra
Senior United States District Judge